**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------X
JONGCHAN LEE, individually and on
behalf of all others similarly situated,

Plaintiff, **Civil Action No.:**

v.

COSMAX USA CORP.,
HANHO CHOI, and JOOHAE LEE,
individually and in their official capacities,

**COLLECTIVE ACTION COMPLAINT**

Defendants.
-----------------------------------------------------X

Plaintiff, Jongchan Lee, on behalf of himself and all others similarly situated ("the Collective Plaintiffs") brings this lawsuit seeking recovery against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"); and for violations of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* ("NJWHL") the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.* and the New Jersey Wage Theft Act ("NJWTA"), (collectively, "the New Jersey Wage Laws") arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and practices.

## NATURE OF THE ACTION

1. Plaintiff, Jongchan Lee, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the New Jersey Wage Laws, to recover unpaid overtime wages, statutory treble damages, liquidated damages, attorneys' fees, costs, and equitable relief.

2. This case arises from Defendants' willful misclassification of Plaintiff and other similarly situated employees as exempt from overtime pay despite their primarily nonexempt duties, resulting in Defendants' repeated failure to pay overtime wages.

3. Plaintiff also seeks injunctive and declaratory relief, including Court-supervised notice to all similarly situated employees and former employees to remedy Defendants' unlawful wage practices.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case is brought under the FLSA. The Court has supplemental jurisdiction over the New Jersey Wage Laws pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, Plaintiff worked in this District, and the events giving rise to these claims occurred in this District.

## PARTIES

7. Plaintiff, Jongchan Lee, is a New Jersey resident who worked for Defendants from August 2022 through July 2024.

8. Defendant, Cosmax USA Corp., is a New Jersey corporation with principal offices at 105 Challenger Road, Ridgefield Park, New Jersey.

9. Defendant, Hanho Choi, is the Chief Human Resources Officer at Cosmax. He exercised authority over classification, pay policies, and overtime decisions.

10. Defendant, Joohae Lee, is the Senior Human Resources Manager at Cosmax. He exercised authority over payroll operations, classification, communications, and the issuance of federal WH-58 materials to Plaintiff.

11. Cosmax USA Corp. has a gross annual dollar volume of sales made or business done in excess of $500,000.00.

12. At all relevant times, Defendants have been, and continue to be, “employers” engaged in interstate “commerce” and/or in the production of “goods” for “commerce,” within the meaning of FLSA, 29 U.S.C. § 203.

13. Each Defendant is or was an employer of Plaintiff and of the Collective Plaintiffs within the meaning of the Fair Labor Standards Act and the New Jersey Wage and Hour Law based on operational control over compensation practices, schedules, and employment conditions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings the Fair Labor Standards Act overtime claim as a collective action pursuant to 29 U.S.C. § 201, *et seq*., specifically the collective action provision of the FLSA, on behalf of all current and former similarly situated Cosmax employees who, at any time on or after the date that is three years before the filing of the Complaint in this case as defined herein (the “FLSA Collective Action Period”) were classified as exempt yet primarily performed nonexempt duties and were denied overtime pay for hours worked over forty in a workweek.

13. The Collective Plaintiffs are similarly situated because they were subject to the same decision, policy, or plan that misclassified them and denied overtime compensation.

14. Plaintiff and the Collective Plaintiffs routinely worked more than forty hours per week without receiving time and one-half of their regular rate.

15. The FLSA Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## NEW JERSEY COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings and seeks to prosecute his New Jersey Wage claims as a collective action pursuant to the New Jersey Wage Laws on behalf of all similarly situated current and former employees ("New Jersey Collective Plaintiffs") at any time on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "New Jersey Collective Action Period").

17. At all relevant times, Plaintiff and the New Jersey Collective Plaintiffs are and have been similarly situated, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules, including willfully failing and refusing to pay class Plaintiffs federal or state overtime wages. Plaintiff's claims are essentially the same as those of the New Jersey Collective Plaintiffs.

18. The New Jersey Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to the New Jersey Wage Laws.

19. The New Jersey Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the New Jersey Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTUAL BACKGROUND

16. Plaintiff was employed by Cosmax from August 2022 through July 2024 with the title of Accounting Supervisor.

17. Despite the title, Plaintiff had no authority to hire, fire, promote, discipline, evaluate, or set policy. His day-to-day work consisted of routine accounting tasks including SAP journal entries, account reconciliations, corrections of accounts receivable and accounts payable transactions, month-end close assistance, and preparation of standard reports.

18. Plaintiff's primary duty did not require advanced knowledge customarily acquired by a prolonged course of specialized intellectual instruction, and he did not exercise discretion and independent judgment on matters of significance within the meaning of the exemptions.

19. Plaintiff routinely worked nine to eleven hours per day and frequently exceeded fifty hours per week, especially during month-end close and audit periods.

20. Plaintiff received no overtime pay for hours worked over forty in a workweek.

21. In 2025, the United States Department of Labor audited Cosmax. Following that audit, Cosmax issued a WH-58 form and back wage checks to Plaintiff that reflected the government calculation of overtime due and transmitted them with a cover letter from Senior Human Resources Manager Joohae Lee.

22. Plaintiff never signed the WH-58 and never cashed the check. Therefore he never waived any rights to pursue his claims under federal or state law.

23. Defendants have produced no written agreement and no mutual understanding with Plaintiff authorizing the fluctuating workweek method of calculating overtime. The federal computation undercalculated the overtime owed and did not account for full remedies available under New Jersey law.

24. Defendants' continued refusal to pay full wages after a federal back wage finding demonstrates willfulness and bad faith.

25. Plaintiff is owed $43,665.64 in unpaid overtime wages which computes to $130,996.92 in statutory treble damages under the New Jersey Wage Theft Act, plus liquidated damages under the Fair Labor Standards Act, attorneys' fees, costs, and interest.

## FIRST CLAIM FOR RELIEF

(Violation of FLSA Overtime Laws, 29 U.S.C. § 201, et seq., Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

27. Plaintiff repeats and realleges all preceding paragraphs as if set forth in full herein.

28. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and the FLSA Collective Plaintiffs.

29. Plaintiff and the Collective Plaintiffs regularly worked more than forty hours in a workweek and were not paid one and one-half times their regular rate for overtime in violation of 29 U.S.C. § 207(a).

30. Throughout the collective action period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs, all of which are and were not exempt from overtime wages as required by the FLSA, for each hour in excess of 40 worked. Defendants' failure to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages was willful within the meaning of the FLSA and federal regulations.

31. The violations were willful, which entitles Plaintiff and the Collective Plaintiffs to a three-year limitations period and liquidated damages.

32. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA for overtime wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(Violation of New Jersey State Overtime Wage Laws, N.J.S.A. 34:11-56(a), et seq. ("NJWHL") N.J.S.A. 34:11-4.1, et seq. ("NJWPL"), and the New Jersey Wage Theft Act ("NJWTA"), Brought by Plaintiff on Behalf of Himself and the New Jersey State Collective Plaintiffs)

33. Plaintiff repeats and realleges all preceding paragraphs as if set forth in full herein.

34. Defendants employed Plaintiff and the Collective Plaintiffs within the meaning of N.J.S.A. 34:11-56a(4) and related regulations.

35. Plaintiff and the Collective Plaintiffs regularly worked more than forty hours in a workweek and were not paid one and one-half times their regular rate for overtime in violation of the New Jersey Wage Laws.

36. The violations were willful, and pursuant to the New Jersey Wage Laws Plaintiff and the Collective Plaintiffs are entitled to a six-year limitations period and treble damages.

45. Under the New Jersey Wage Theft Act, treble damages are required absent a good faith basis for nonpayment.

46. Plaintiff is entitled to statutory treble damages of $130,996.92, plus attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and the New Jersey Collective Plaintiffs, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA and New Jersey Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Plaintiffs of the FLSA opt-in Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as representative of the FLSA and New Jersey Collective Plaintiffs;

C. An order requiring Defendants to produce a complete list of names, last known mailing addresses, email addresses, and telephone numbers for all collective Plaintiffs to facilitate Court-supervised notice.

D. An award of unpaid overtime wages of $43,665.64.

E. An award of statutory treble damages of $130,996.92 under the New Jersey Wage Theft Act.

F. An award of liquidated damages under the Fair Labor Standards Act.

G. An award of attorneys' fees, costs, and pre-judgment and post-judgment interest.

H. Injunctive and declaratory relief requiring Defendants to cease unlawful pay practices, to reclassify workers appropriately, and to comply with recordkeeping and overtime requirements.

I. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**JURY DEMAND**

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and the New Jersey Collective Plaintiffs, hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: August 14, 2025
Fort Lee, New Jersey

SONG LAW FIRM, LLC

Howard Z. Myerowitz, Esq. (HM0972)
400 Kelby Street, Suite 1900
Fort Lee, NJ 07024
hmyerowitz@songlawfirm.com
T. (201) 461-0031
F. (201) 461-0032
Attorneys for Plaintiff
Our File No.: EM-185-25-NJ